COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Retired Judge Hodges[*]


KENNETH WINN, SR.

                                                            MEMORANDUM OPINION[**]
v.        Record No. 1919-09-2                              PER CURIAM
                                                            MARCH 2, 2010
CHESTERFIELD COUNTY DEPARTMENT
   OF SOCIAL SERVICES


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                         Harold W. Burgess, Jr., Judge

             (Donald E. Gulledge; Gordon, Dodson, Gordon & Rowlett, on brief),
             for appellant.

             (Steven L. Micas, County Attorney; Michael P. Kozak, Assistant
             County Attorney; Gregory R. Sheldon, Guardian *ad litem* for the
             minor children; Bain Sheldon, PLC, on brief), for appellee.


        Kenneth Winn, Sr. appeals the trial court's order terminating his parental rights to his three

children pursuant to Code § 16.1-283(C)(1) and (C)(2).  Winn argues that the trial court erred in

terminating his parental rights due to lack of contact and future planning because Chesterfield

County Department of Social Services (DSS) failed to address his underlying issues through

necessary mental health services.  Upon reviewing the record and briefs of the parties, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

        Code § 16.1-283(C) requires proof, by clear and convincing evidence that:

             1.  The parent or parents have, without good cause, failed to
             maintain continuing contact with and to provide or substantially
             plan for the future of the child for a period of six months after the

_____
        [*] Retired Judge Hodges took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition; or

2. The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson v. Stafford Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992).

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

In August 2007, DSS took emergency custody of Winn's three children due to actions by the children's mother. After locating Winn, DSS attempted a trial placement of the children with him, but Winn was unwilling to participate in the trial placement. At the time, Winn was living

in a residence in Hanover County with his relatives and there was inadequate space in the residence for his children.

Between August 2007 and June 2008, Erin Dangerfield, a social worker, arranged twenty-six supervised visits for Winn, but Winn attended only six visits. Winn's last visit was on March 24, 2008. On one occasion after the March 24, 2008 visit, the children went to DSS for a visit, but Winn never arrived. DSS offered transportation help to Winn, and Dangerfield testified that Winn never requested the help to attend the visitation sessions. Winn testified he felt uncomfortable with the supervision aspect of the visitation at the DSS office. Winn also failed to attend a foster care plan meeting prior to the termination hearing in the juvenile and domestic relations district court. Winn never visited his children between March 24, 2008 and July 20, 2009, the day of the termination hearing in circuit court.

Winn did not complete a required psychological evaluation until April 2008. The evaluation recommended further mental health services for Winn. DSS referred Winn to the Hanover Community Services Board (HCSB) for the services. Winn testified he called Hanover County, but it refused to enroll him in services since his children lived in Chesterfield County. Winn told Dangerfield that Hanover County refused to provide the mental health services, but Dangerfield told Winn that HCSB was the proper agency for mental health services for him since he lived in Hanover County. Dangerfield again referred Winn to HCSB. Winn testified he again contacted Hanover County and was denied services. Winn never contacted Dangerfield about the second denial of services. It was unclear whether Winn contacted HCSB or another agency in Hanover County. At the time of the termination hearing, Winn had not received the recommended mental health services. Winn testified depression caused him difficulties in facing his children.

The care plan required Winn to obtain adequate and suitable housing. Winn admitted DSS offered him rental deposit assistance and daycare assistance, but he did not accept the assistance because he was concerned he would be unable to make the monthly rental payments beyond the initial assistance period. Winn never moved from his relative's home, and he admitted his children could not live in the relative's home. DSS explored relative placement, but no relative was willing and able to care for the children.

Winn admits that he failed to have continuing consistent contact with his children, he failed to participate in the planning for his children, and he failed to take DSS's offer of monetary help for a rental deposit and child care. Winn contends that if he had received the mental health services recommended by a psychological evaluation, his issues would have been addressed. Winn argues DSS failed to provide reasonable and necessary services because it failed to follow up on the HCSB regarding his referral.

The record supports the trial court's determination that DSS provided reasonable and appropriate efforts. DSS twice referred Winn to HCSB for the recommended mental health treatment. At the time of the referral, Winn had missed twenty scheduled visits with his children and there is no evidence in the record to show that Winn informed DSS that his depression was the reason he missed the visits. Although Winn testified he was refused mental health treatment in Hanover County because his children lived in Chesterfield County, it was unclear whether Winn contacted HCSB or another agency in Hanover County. Winn admitted he failed to contact Dangerfield after he was denied mental health services for the second time. At the time of the referrals to HCSB, Winn had failed to maintain continuing contact with his children, he had made no plans for their future, and he had refused DSS's help with rental assistance and daycare assistance. At the time of the termination hearing, the children had been in foster care for twenty-three months. "It is clearly not in the best interests of a child to spend a lengthy

period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). At the time of the termination hearing, the children were doing well with their foster care placements.

We cannot say that the trial court erred in finding that the evidence was clear and convincing that DSS provided reasonable and appropriate services under the circumstances, that Winn failed to maintain continuing contact with his children, and that Winn was unwilling or unable to remedy substantially the conditions which led to the children's placement in foster care. Accordingly, we summarily affirm the trial court's decision terminating Winn's residual parental rights pursuant to Code § 16.1-283(C)(1) and (C)(2).

Affirmed.